UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| JUSTIN RASHAD HARLAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:17-cv-00028 |
| | ) | JUDGE CRENSHAW |
| NATHAN BOLTON, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Justin Rashad Harlan, a resident of Mt. Pleasant, Tennessee, brings this *pro se* action against Nathan Bolton; Mt. Pleasant Police Department; City of Mt. Pleasant, Tennessee; Leigh Anne Pickup; Stephen Barr; Amit Choksi; Bradley Rodgers; and Maury Regional Medical Center, alleging violations of his civil rights. (Doc. No. 1).

Harlan also submitted an application to proceed *in forma pauperis*. (Doc. No. 2). It appears from the application that the Plaintiff lacks sufficient financial resources from which to pay the civil filing fee. Accordingly, the Plaintiff's application to proceed *in forma pauperis* is **GRANTED**. 28 U.S.C. § 1915(a).

Because the Plaintiff is proceeding *in forma pauperis* in this case, the Court is required to screen the complaint pursuant to 28 U.S.C. § 1915(e)(2). For the reasons explained more fully in the Memorandum entered contemporaneously herewith, the Court finds that the complaint fails to state a claim upon which relief can be granted as to the Mt. Pleasant Police Department. That claim is hereby **DISMISSED WITH PREJUDICE**. 28 U.S.C. § 1915(e)(2).

However, as to the Plaintiff's claims against the City of Mt. Pleasant and all other remaining

Defendants, the Court finds that the complaint states actionable Fourth Amendment claims pursuant to 42 U.S.C. § 1983 regarding whether the forced rectal search of Plaintiff, the digital imaging of the Plaintiff, and the endoscopy performed on the Plaintiff under anesthesia were reasonable and necessary actions to prevent contraband from entering the Maury County Jail under the facts of this case. These claims survive the required screening and shall proceed for further development of the record.

Consequently, the Clerk is instructed to send the Plaintiff a service packet (a blank summons and USM 285 form) for the remaining Defendants. The Plaintiff will complete the service packets and return them to the Clerk's Office within twenty-one (21) days of the date of receipt of this Order. Upon return of the service packets, **PROCESS SHALL ISSUE** to the remaining Defendants. The Plaintiff is forewarned that the failure to return the completed service packets within the time required could jeopardize his prosecution of this action.

Pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B), this action is **REFERRED** to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pre-trial, non-dispositive motions, to issue a Report and Recommendation on all dispositive motions, and to conduct further proceedings, if necessary, under Rule 72(b), Fed. R. Civ. P., and the Local Rules of Court.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE