IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION


JUSTIN RASHAD HARLAN            )
                               )
        v.                     )        NO: 1:17-0028
                               )
NATHAN BOLTON, et al.          )


TO: Honorable Waverly D. Crenshaw, Jr., Chief District Judge

## R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered April 17, 2017 (Docket Entry No. 5), this *pro se* civil rights action was

referred to the Magistrate Judge for pretrial proceedings pursuant to 28 U.S.C. §§ 636(b)(1)(A) and

(B) and Rule 72(b) of the Federal Rules of Civil Procedure.

Several dispositive motions are pending: 1) the motion to dismiss filed by Defendant Maury

Regional Medical Center (Docket Entry No. 23); 2) the amended motion to dismiss filed by

Defendants Amit Choksi and Bradley Rodgers (Docket Entry No. 32); 3) the motion for summary

judgment filed by Defendants Stephen Barr and Leigh Anne Pickup; and 4) the motion to dismiss

for lack of prosecution filed by Defendants Amit Choksi and Bradley Rodgers (Docket Entry

No. 40). Plaintiff has not responded to any of the motions. For the reasons set out below, the

undersigned respectfully recommends that this action be dismissed.


## I. BACKGROUND

Justin Rashad Harlan ("Plaintiff") is a resident of Mt. Pleasant, Tennessee. On March 27,

2017, he filed this lawsuit *pro se* and *in forma pauperis* seeking damages under 42 U.S.C. § 1983

against several defendants: Mt. Pleasant Police Department Officer Nathan Bolton ("Officer Bolton"); the Mt. Pleasant Police Department ("Police Department"); the City of Mt. Pleasant, Tennessee ("City of Mt. Pleasant"); Physician's Assistant Leigh Anne Pickup ("Pickup"); Dr. Stephen Barr ("Barr"); Dr. Amit Choksi ("Choksi"); Dr. Bradley Rodgers ("Rodgers"); and the Maury Regional Medical Center ("MRMC").

The basic facts underlying the lawsuit are as follows. Plaintiff was arrested for simple possession of marijuana and was taken into custody after a car in which he was a passenger was stopped by Officer Bolton and other police officers during the late evening on March 25, 2016. During the arrest, Plaintiff admitted that he had marijuana hidden in his sock. Plaintiff was transported to the Maury County Jail, where he was strip searched by Corrections Officer Thomas at the request of Officer Bolton in an attempt to uncover any hidden drugs or contraband. Nothing was uncovered, but Plaintiff was placed in an observation cell at the Jail and his bathroom usage was monitored. Although nothing of note occurred while Plaintiff was in the observation cell, Officer Bolton swore out an affidavit and obtained a search warrant the next morning from a Maury County General Session Judge which authorized a search of Plaintiff's anal cavity for illegal narcotics. In his affidavit, Officer Bolton stated that Officer Thomas had observed a white substance wrapped in plastic in Plaintiff's rectal area and also witnessed Plaintiff push the object into his anal cavity during the strip search.

On the morning of March 26, 2016, Plaintiff was taken to the emergency room at the MRMC, where Physician's Assistant Pickup performed a visual and digital inspection of Plaintiff's anus. After feeling some type of round objects or "balls" during the digital inspection, Pickup ordered

electronic imaging of Plaintiff's abdomen. Although the electronic imaging did not reveal any irregularities, Pickup and Dr. Barr, who was the attending physician on duty, discussed the need for an endoscopy. After Plaintiff gave his consent to the procedure, Dr. Rodgers administered anesthesia to Plaintiff and Dr. Choski completed the endoscopy, which revealed internal hemorrhoids but no foreign objects. Plaintiff was returned to the Jail after the procedure and was released from the Jail the next day. He alleges that his "coloration was completely off as if he could not breathe" after the procedure and that he had to return to the emergency room after being released from the Jail because he had a skin reaction to the anesthesia. *See* Complaint (Docket Entry No. 1) at 5.

Plaintiff asserts that he cannot read and functions at a low level. He contends that the medical procedures, for which he alleges he was subsequently charged, were unnecessary and unconstitutional. He further contends that he was placed under anesthesia without the medical staff having full knowledge of medications which he was taking. Plaintiff alleges that Officer Bolton made false statements in his affidavit regarding the strip search performed by Officer Thomas and that the search warrant would not have been issued if Bolton had been truthful. Plaintiff asserts that Officer Bolton was terminated from his employment as a result of these events, which he contends is the second time that Bolton has been terminated from employment with the Police Department.

Upon initial review of the complaint under 28 U.S.C. § 1915(e)(2), the Court dismissed the claims against the Police Department but directed that process issue to the remaining Defendants on Plaintiff's claim that his Fourth Amendment rights were violated. *See* Docket Entry No. 5 at 2. A municipal liability claim against the City of Mt. Pleasant was permitted to proceed based on Plaintiff's allegations that the City of Mt. Pleasant was on notice about problems with Officer Bolton

3

but rehired him after his first termination. *See* Memorandum (Docket Entry No. 4) at 5-6. Defendants MRMC, Bolton, the City of Mt. Pleasant, Barr, and Pickup filed answers. *See* Docket Entry Nos. 16, 25, 28, and 35. In lieu of answers, Defendants Choksi and Rodgers filed their motions for dismissal. The docket shows that Plaintiff has not made any filings in the case since returning completed service packets in May 2017.

## II. PENDING MOTIONS

On June 30, 2017, Defendant MRMC moved for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. MRMC argues that: 1) Plaintiff does not make allegations directly against it and it cannot be held liable under Section 1983 based on a theory of *respondeat superior* for the actions of its employees; and, 2) it is shielded from liability under Section 1983 by absolute immunity because any actions taken at the MRMC were taken in order to comply with the court ordered search warrant. *See* MRMC's Memorandum in Support (Docket Entry No. 31). Plaintiff has not responded to the motion.

On August 21, 2017, Defendants Choksi and Rodgers moved for dismissal under Rules 4(m) and 12(b)(5) of the Federal Rules of Civil Procedure based on the argument that they have not been served with a summons and complaint in this action. They assert that the summons and complaint for them that Plaintiff completed and provided to the Clerk's Office were returned unexecuted because they were sent to the MRMC, which they assert is not their employer. Defendant Choksi and Rodgers assert that Plaintiff has not taken any steps to seek a waiver of service of process, and that the ninety day period provided by Rule 4(m) of the Federal Rules of Procedure within which

4

they were required to be served has expired.  *See* Defendant Choksi and Rodgers' Memorandum in Support (Docket Entry No. 33).  Plaintiff has not responded to the motion.

In addition to their motion to dismiss for lack of service, Defendants Choksi and Rodgers also have filed a motion to dismiss under Rule 41(b) of the Federal Rules of Civil Procedure.  They assert that Plaintiff did not take any new steps to have them properly served with process once it was clear that they had not yet been served, that Plaintiff has not responded to the pending dispositive motions, and that Plaintiff has not engaged in any discovery or taken any steps to prosecute this lawsuit other than filing the complaint and returning service packets to the Clerk's Office.  *See* Defendant Choksi and Rodger's Memorandum in Support (Docket Entry No. 42).  Plaintiff has not responded to the motion, which was filed December 1, 2017.

On October 3, 2017, Defendants Barr and Pickup moved for summary judgment in their favor under Rule 56 of the Federal Rules of Civil Procedure, arguing that there are no issues as to any material fact and that they are entitled to judgment as a matter of law.  They assert that the medical procedures they conducted on Plaintiff occurred in an effort to comply with the court ordered search warrant.  They further contend that they are entitled to summary judgment on Plaintiff's  claim of personal liability against them under Section 1983 because they are private individuals and there is no evidence that they willfully participate in a joint, unconstitutional activity with Officer Bolton or that they conspired with Officer Bolton to deprive Plaintiff of his Fourth Amendment rights.  *See* Defendant Barr and Pickup's Memorandum in Support (Docket Entry No. 37).  Plaintiff has not responded to the motion.

## III. ANALYSIS

Process was issued in his lawsuit pursuant to the *in forma pauperis* provisions of 28 U.S.C. § 1915 based on Plaintiff's allegations that he was subjected to intrusive and excessive searches and that false statements were made in order to obtain the search warrant that led to the searches. Such allegations touch upon serious constitutional matters and are not frivolous. *See Booker v. LaPaglia*, 617 Fed. App'x 520 (6th Cir. 2015) (Fourth Amendment search claims); *Yancey v. Carroll Cty., Ky.*, 876 F.2d 1238, 1243-44 (6th Cir. 1989) (false statements made to secure a warrant). Nevertheless, given the current posture of the case, dismissal is warranted. Although the docket does not reflect that court mail sent to Plaintiff has been returned and that his whereabouts are unknown, he is effectively absent from the lawsuit due to his lack of prosecution.

Defendants Choksi and Rodgers have brought to the attention of Plaintiff, through their motion to dismiss, that they have not been properly served with process. The requirement of service of process is not some mindless technicality, but, rather, is a necessary threshold issue that underpins the federal court's personal jurisdiction over a defendant. *See Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991). However, Plaintiff has failed to take any steps to correct the improper service, has failed to respond to their motion for dismissal, and has not requested the assistance of the Court in having these Defendants served with process. For this reason alone, their dismissal is warranted under Rule 12(b)(5).

Similarly, Defendants MRMC, Barr, and Pickup have filed motions raising substantive and valid legal arguments that attack the merits of Plaintiff's claims against them. Plaintiff has not responded to their motions. Their unrebutted arguments and, in the case of Defendants Barr and

6

Pickup, the undisputed facts buttressing their motion for summary judgment, support the dismissal of Defendant MRMC, *see Monell v. Department of Social Servs.*, 436 U.S. 658, 691-95 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Burns v. Robertson Cty.*, 192 F.Supp. 3d 909, 920 (M.D. Tenn. 2016), and Defendants Barr and Pickup. *See Harvey v. Plains Twp. Police Dep't*, 421 F.3d 185, 195-96 (3d Cir. 2005); *Bryant-Bruce v. Vanderbilt Univ., Inc.*, 974 F. Supp. 1127, 1142-43 (M.D. Tenn. 1997).

In the absence of a response from Plaintiff, it is not the duty of the Court to "abandon its position of neutrality in favor of a role equivalent to champion for the non-moving party: seeking out facts, developing legal theories, and finding ways to defeat the motion." *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 406 (6th Cir. 1992). Although Plaintiff is proceeding *pro se* and is entitled to a measure of leeway that is not afforded to represented parties, the Court cannot supply facts that are not alleged by Plaintiff and is not required to support Plaintiff's claims for him. *See Thompson v. A.J. Rose Mfg. Co.*, 2000 WL 302998 (6th Cir. March 14, 2000); *Bell v. Tennessee*, 2012 WL 996560 at *9 (E.D. Tenn. March 22, 2012). Additionally, Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment. *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 379-80 (6th Cir. 2007).

Finally, Plaintiff has not responded in any manner to Defendant Choksi and Rodgers' motion to dismiss for failure to prosecute. Plaintiff's failure to respond is particularly troubling given Plaintiff's clear record of prior inactivity in the action. Even a *pro se* plaintiff should view a motion

7

to dismiss because of an alleged failure to prosecute as an unmistakable warning that a response and explanation of some kind is required.[1]

The Court's docket is crowded with active cases that each demand the attention of the Court. Judicial resources are scarce, and every minute that is devoted to one case is a minute that cannot be allocated to a different case. While each litigant comes to the Court on an even footing that affords his case as much attention as all other cases, it is a misdirected use of judicial resources for the Court to search for justifications to keep a case alive when the party who files the case shows through his own actions that he has no desire to continue prosecuting the case. Such is the situation with Plaintiff's case. Plaintiff has not made a single filing in the case since returning completed service packets in May 2017, and four dispositive motions have been filed without a response from Plaintiff.

It is well-settled that federal trial courts have the inherent power to manage their own dockets. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1961). Additionally, Rule 41(b) of the Federal Rules of Civil Procedure gives a court the authority to dismiss a case for "failure of the plaintiff to prosecute." The discretion of the Court to dismiss a case under Rule 41(b) for failure to prosecute "is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties." *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (quoting *Matter of Sanction of Baker*, 744 F.2d 1438, 1441 (10th Cir. 1984)). Plaintiff's failure to take steps

---

[1] Because Plaintiff states in his complaint that he is unable to read, the Court assumes that he has someone assisting him with his case, as indicated by the filing of his original complaint and by the completion of service packets that were sent to the Court.

regarding service upon Defendants Choksi and Rodgers and his failure to respond to any of the four dispositive motions filed by Defendants evidences a clear record of delay, contumacious conduct, and failure to prosecute that supports dismissal of the action. *See Carter v. City of Memphis, Tennessee*, 636 F.2d 159, 161 (6th Cir. 1980). Neither the Court nor Defendants should be required to expend further resources in this action given Plaintiff's lack of interest in prosecuting his claims. Although the Court recognizes that Plaintiff is *pro se* and has not previously been warned of the consequences of failing to respond to Defendants' motions or of failing to prosecute the action, this Report and Recommendation and the 14 day period for filing objections provides Plaintiff with notice of the recommended sanction and gives him the opportunity to explain his conduct. Given the nature of the issue at hand, and Plaintiff's total lack of attention to this case, a lesser sanction than dismissal is not warranted.

## RECOMMENDATION

Based upon the foregoing, the undersigned Magistrate Judge respectfully RECOMMENDS that:

1) the motion to dismiss filed by Maury Regional Medical Center (Docket Entry No. 23), the amended motion to dismiss filed by Amit Choksi and Bradley Rodgers (Docket Entry No. 32), and the motion for summary judgment filed by Stephen Barr and Leigh Anne Pickup (Docket Entry No. 36) be GRANTED; and,

9

2) the motion to dismiss for lack of prosecution filed by Amit Choksi and Bradley Rodgers (Docket Entry No. 40) be GRANTED and that this action be DISMISSED WITH PREJUDICE as to all claims and Defendants pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge